UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV410-098 |
| | ) | |
| WARDEN BOOKER, WARDEN | ) | |
| JACKSON, BRIAN OWENS, and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF GEORGIA,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Bruce Timothy Jones, currently incarcerated at D. Ray James Prison in Folkston, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] (Doc. 1.) His petition is time-barred.

The timeliness of a § 2254 petition is now governed by the

---

[1] The proper respondent should be the person who currently has custody over him, not Brian Owens, Commissioner of the Georgia Department of Corrections, or the state attorney general. *See* Rule 2(b), Rules Governing 28 U.S.C. § 2254 Cases. Correcting the error would be pointless here, however, since the petition is clearly untimely.

[2] Jones has filed at least ten federal habeas cases since 2007 attacking various convictions and court rulings. *See Jones v. Burnette*, No. CV408-111, doc. 3 at 1 n.1 (S.D. Ga. June 27, 2008).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Jones was sentenced on August 19, 1991, before AEDPA. (Doc. 1 at 4.) Since he attacks a pre-AEDPA conviction, he had until April 23, 1997, one year after AEDPA's effective date, to file a § 2254 petition or otherwise toll the limitation period. *Wilcox v. Fla Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998).

Petitioner submitted his state habeas petition for filing on July 31, 2008, nearly 17 years after his conviction and more than 11 years after his conviction became "final." (*Id.*) Although the state habeas action tolled the one-year federal limitations period, 28 U.S.C. § 2244(d)(2), it did not reset it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the delay in filing the initial state habeas petition is counted in determining petitioner's compliance with AEDPA's one-year limitations period. Hence, this

petition is untimely by many years.[3] Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

---

[3] Under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). Jones admits that his sentence from the 1991 conviction has completely expired. (Doc. 1 at 4.) Consequently, Jones is no longer "in custody" under the conviction or sentence under attack. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner is no longer "in custody" when his sentence has fully expired). Although Jones may still suffer collateral consequences from that conviction, "collateral consequences of [a] conviction, alone, are insufficient to render the defendant 'in custody' for the purposes of habeas attack." *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) (quoting *Maleng*, 490 U.S. at 491-92).

Nevertheless, Jones is attempting to attack a state conviction that was used to enhance his more recent convictions. (Doc. 1.) The Eleventh Circuit has determined that "the Court in *Maleng* permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence." *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997).

Jones, however, currently stands convicted by both state and federal courts. It is unclear whether this 1991 conviction was used as an enhancement in both the state and federal convictions (it certainly was used in the federal conviction), and he has not explained the current procedural posture of his state case. Were the Court to construe this as a § 2254 petition attacking his present state conviction, it would be due to be dismissed for failure to substantially follow the § 2254 form petition. And he cannot proceed under § 2255. Any § 2255 motion would be barred as successive under 28 U.S.C. § 2244(b)(3)(A), since he has already filed a § 2255 petition attacking his federal conviction. *Jones v. United States*, No. CV408-235 (S.D. Ga. Oct. 28, 2009). As this Court has advised Jones before, he should file a petition attacking his *present* state sentence and conviction if he wishes to proceed on this claim.

3

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED** and **RECOMMENDED** this __3rd__ day of May, 2010.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA